# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 5:19CR604 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | |
| | ) | |
| HOWARD D. BLASINGAME, II, | ) | OPINION AND ORDER |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J.:**

Before the Court is Defendant Howard Blasingame's Motion for Bond Pending Sentencing Hearing. (Doc. 18). For the following reasons, Defendant's Motion is **DENIED**.

## I. BACKGROUND

On October 8, 2019, a Grand Jury indicted Defendant with one count of Felon in Possession of Firearm and Ammunition, a violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (Doc. 1). On December 2, 2019, Defendant pleaded guilty to the Indictment without a Plea Agreement. (Non-Doc. Entry, 12/2/2019). A Sentencing Hearing has been set for June 11, 2020.

On April 9, 2020, Defendant filed his Motion asking for release prior to Sentencing. (Doc. 18). The Government responded on April 13, 2020 asking the Court to deny Defendant's Motion. (Doc. 20).

## II. LAW & ANALYSIS

Generally, a person found guilty of an offense must be detained while awaiting the imposition of a sentence. *See* 18 U.S.C. § 3143(a)(1). Two exceptions exist. The first applies when the applicable Sentencing Guidelines do not recommend a term of imprisonment. *Id.* The second applies when a judge finds "by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released…" *Id.* Section 3143 "presumes dangerousness and the criminal defendant must overcome this presumption." *United States v. Vance*, 851 F.2d 166, 168 (6th Cir. 1988).

Here, Defendant has not overcome the presumption of dangerousness. Defendant pleaded guilty to the Indictment. By doing so, he faces a statutory maximum of ten years imprisonment. Therefore, the Court must detain Defendant unless an exception applies. For the following reasons, Defendant cannot show any applicable exception.

As highlighted by the Final Presentence Report (Doc. 14, *sealed*), Defendant faces a minimum Sentencing Guideline range of 37 to 46 months imprisonment. Accordingly, the first exception of §3143(a)(1) does not apply.

More importantly, Defendant has not shown by clear and convincing evidence that he is not likely to flee or pose a danger to the community if he is released. Defendant's request for bond is based on COVID-19. According to Defendant, COVID-19 "provides clear and convincing evidence that [Defendant] should be released pending sentencing" and that Defendant "will not flee and will not pose a danger to any person or the community" if released. (Doc.18, PageID: 88, 93).

But besides COVID-19, there has been no change of circumstances that impact Defendant's danger to the community or risk of flight. At the Defendant's Detention Hearing, the Magistrate Judge found by clear and convincing evidence that:

> [B]ased on Defendant's prior arrests and convictions, his history of substance abuse, his violent behavior history, his history of criminal activity while under supervision, his repeated failure to obey Court mandated treatment orders while under supervision, his history of charges involving violence and/or domestic violence, and his history of weapons use, no condition or combination of conditions exist that would reasonable ensure the safety of the community.

(Doc. 10, PageID: 31).

Defendant attempt to contradict this finding is both unsupported and conclusory. Therefore, Defendant has not shown with clear and convincing evidence that he is not likely to flee or pose a danger to the community if released.

Rather than focusing on his danger to the community or likelihood of flight, Defendant focuses on the impact of COVID-19 on himself and the facility where he is detained. He cites a letter from the Warden of the facility as evidence that a COVID-19 outbreak at the facility is imminent. (*See* Doc. 19). While the Court agrees that COVID-19 presents unique challenges to certain populations, the existence of COVID-19 has no impact on Defendant's danger to the community or flight risk if released. Defendant does not allege he contracted COVID-19. In fact, he does not allege he has any prior health condition making him an "at-risk" person.[1] With respect to the Warden's letter, it states plainly that Defendant has not been identified as a person who has been exposed to the virus. Moreover, beyond the one positive test of a contractor of the facility, the facility has not reported another positive test or any spread among the facility's

---

[1] Defendant states he is high risk due to apnea and high blood pressure, but Defendant never disclosed any physical medical conditions to Pretrial Services (*see* Doc. 14, PageID: 67). Defendant also did not offer adequate evidence for the Court to make this factual finding.

- 3 -

- 4 -

population.[2]  This demonstrates that the facility and authorities are taking proper precautions to protect the inmate population.  (*See also*, Doc. 20, PageID: 97-105).

The Court recognizes Defendant's concerns due to COVID-19.  But Defendant is subject to detention because he has not satisfied either exception under § 3143(a)(1).  Therefore, Defendant's Motion fails.

### III. CONCLUSION

Accordingly, Defendant's Motion (Doc. 18) is **DENIED**.

**IT IS SO ORDERED.**

> s/ Christopher A. Boyko
> **CHRISTOPHER A. BOYKO**
> **Senior United States District Judge**

**Dated: April 17, 2020**

---

[2] As of April 16, 2020, Northeast Ohio Correctional Center—the facility where Defendant is currently detained—has reported that no inmates have contracted COVID-19.  (https://drc.ohio.gov/Portals/0/DRC%20COVID-19%20Information%2004-16-2020%201522%20%28002%29.pdf) (last accessed Apr. 17, 2020).  The institution is in lockdown, as a precautionary measure due to the positive test of the facility's contractor.